UNITED STATED DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1:23CV11793MJJ

Dan Howitt,
                                 Plaintiff,

v

Harvard University,
Harvard University Police Department,
James Lawson,
Daniel Twomey,
Francis Riley,
Kevin Regan,
Charles Chalmers,
James Pignone,
Charles Hanson,
Victor Clay,
John Fulkerson,
Harvard University General Counsel,
Robert Iuliano,
Barbara Fees,
John O'Connor,
Kate Upatham,
                                 Defendants.

**MOTION TO RECUSE ATTORNEY STEVE MARULLO**

      Most of the following is stated in my motion to set-aside the settlement order of dismissal, and my motion to file an amended complaint.

      1,       In my recent sealed motion (#80) about the memorandum that was used for the mediation, I provide my multitude of serious concerns about the memorandum, prior to the mediation:  Despite that Mr. Marullo had 3 full months to complete it, it is highly cursory, superficial, and lacks any case-law discussion that is substantive; of the few case-laws that are provided, they do not contribute anything to my case, and instead are simplistic reiterations of statutes that I invoke in my complaint; the facts that are focused on are often not provided in a temporally meaningful way, and instead are provided in temporal fragments that results in a loss of sense of my case; some of the core discussions that are provided are very inaccurate; and an abundance of highly relevant aspects of my case are ignored.  I have read many memorandums of attorneys, and his is completely unlike all others, including his providing of an abundance of highly irrelevant redundant narrative, including the use of phraseology that makes little sense; and he likely did this in order to make it appear longer.  In general, it appears that he spent likely 1-2 hours total on it over 3 months.

      2,       Mr. Marullo, in response to my 3 months of professional criticisms of his aforementioned handling of my case, would subject me to florid unrestrained personal criticisms of me.  This began 2-3 weeks into my discussions with him, and caused me from that time onward to have no faith in his ability to handle my case, which proved to be true regarding his memorandum.

      3,       Related to the above, I found myself discussing my case with the judge for 99% of the mediation time-period.  Mr. Marullo, as I expected, was unable to provide responses to the intricate questions that arose.  I tried to

present the intricacy of my case, but it was clear that the judge and defendant's attorney were relying on his memorandum. Mr. Marullo from when I began discussions with him 3 months ago, told me that discussion of the intricacy of my case would not occur in mediation because "this is not a trial"; and I told him that in the several mediations that I have been in, the intricacy of cases is always discussed. I immediately began to become concerned with him; and it appeared from the beginning, to the mediation, that he was doing whatever he could to minimize his time and effort on my case. I take my case seriously.

4,   Mr. Marullo told me 6+ weeks ago about his wife's serious medical condition and how he had to spend every day from morning onward at the hospital. He would also overly discuss this personal aspect of his life with me, including conveying details that are not professional. Due to all of this, he should have recused himself from my case, since it is clear that he did not have the time, effort, nor interest in my case. He wasted ¼ of my life via his apathy, and repeatedly personal abuse. (He clearly interpreted my professional criticisms as being personal attacks against him, and then would respond to me with personal attacks - I have a multitude of emails from him in which he does this). The rules of attorney professional conduct are such that if the attorney-client relationship becomes of this poor nature, including causing the client to no longer trust the attorney, the attorney should recuse himself/herself. I regret not filing a motion to recuse 2+ months ago.

5,   The monetary damage that was arrived at in the mediation, including the defendants' initial offer of $15,000, does not, I believe, reflect the severity of the harm that I was subjected to from 3/2015 – present.

Submitted by,

*[signature]*

Dan Howitt
11/30/24

**CERTIFICATE OF SERVICE**
I served this document today to defendants' attorney William Fick wfick@fickmarx.com.

*[signature]*

Dan Howitt
11/30/24

2