UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1:23CV11793MJJ

Dan Howitt,
                      Plaintiff,

v

Harvard University, et al,
                      Defendants.

MOTION FOR RECONSIDERATION OF
MOTION FOR EQUITABLE TOLLING OF THE STATUTES OF LIMITATIONS

(1)     As background, regarding how at the 3/26/25 hearing the court stated to me that there was already a ruling on my Motion For Equitable Tolling Of The Statutes Of Limitations:  (a) My motions about tolling were after the court's Memorandum On Order (2/12/24; #40).  My motions about tolling are #43, #46, #47, #52, #53, #54, #56.  At #74, the court denied my above #43 "given his filing of a superseding Motion for Equitable Tolling."  However, the court never ruled on any of my motions about tolling.  (b) Prior to the above #40, I did not have any motions about tolling, nor do I present the issue in my initial Complaint.  Due to the above, it appears that a "Motion For Reconsideration" may not be appropriate.  However, I have titled this motion as such in the meantime.

(2)     The following Exhibit 1 is a new exhibit, which is partly the basis for my motion.  An acquaintance of mine has been assisting me in finding past emails, including those that were saved on separate drives when I changed computers.  Firstly though, according to the following cases, statutes of limitation are subject to equitable tolling:

*Christo v. Edward G. Boyle Ins. Agency, Inc.*, 402 Mass. 815, 817 (1988)
"For example, if the potential defendant encourages or cajoles the potential plaintiff into inaction, that conduct may be a basis of extending the limitations period as matter of equity. Id. At 817-819."

*Cherella v. Phoenix Techs. Ltd.*, 32 Mass. App. Ct. 920 (1992)
"That limitations period, however, is subject to equitable tolling. *Christo* v. *Edward G. Boyle Ins. Agency, Inc.,* 402 Mass. 815, 817 (1988).  For example, if the potential defendant encourages or cajoles the potential plaintiff into inaction, that conduct may be a basis of extending the limitations period as matter of equity. *Id.* at 817-819."

      Exhibit 1 below is a 2/20/15 email of defendant officer James Lawson to me.  He "encourages" and threatens me into inaction regarding filing a lawsuit against Hadel and Mohamad Jarada; and the nature of his email is such that any court action taken by me against anyone of the university would have resulted in what he states that he would do.  Moreover, he engages in a multitude of the violations that I discuss in my Amended Complaint, namely defamation, intentional infliction of emotional distress, violation of USC 18 s1513(e), violation of CFR 28 s42.107(e), violation of USC 42 s2000a-2, violation of USC 42 s12132, violation of USC 42 s12203, and violation of MGL c272 s98.

      Exhibit 2 is a 2/23/15 email, and Exhibit 3 is a 2/27/15 email, to me from the university Ombudsperson, Lydia Cummings, demonstrating that Lawson, and sergeant Daniel Twomey, "encouraged" and threatened me

1

into inaction regarding filing a lawsuit against the university, and demonstrating Lawson's and Twomey's above violations.

  I therefore would like to ask for the statutes of limitations to be tolled to at least 2/20/15.

  Per Rule 7.1(a)(2) I discussed this motion via email with the defendant's attorney Bill Fick, and he stated that he (paraphrasing) "opposes this motion because there was already a ruling on the issue".  I then asked him for the ruling, and he stated (paraphrasing) that "it is inappropriate for us to advise you on how to interpret the court's rulings".  Again there was no ruling, and only the above mentioned ruling denying an earlier motion because it was superceded by a later motion.

Submitted by,

Dan Howitt
4/4/25

**CERTIFICATE OF SERVICE AND CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(2)**
I served this document today to defendants' attorney William Fick at wfick@fickmarx.com.

Dan Howitt
4/4/25

2

EXHIBIT 1

Colgate University Mail - Cease & Desist                    https://mail.google.com/mail/u/1/?ik=be8ffa2f50&view=pt&search=all...



Dan Howitt <dhowitt@alumni.colgate.edu>

## Cease & Desist

James Lawson <James_Lawson@hupd.harvard.edu>                 Fri, Feb 20, 2015 at 8:33 AM
To: "dhowitt@colgate.edu" <dhowitt@colgate.edu>

Daniel Howitt, my name is Detective James Lawson with the Harvard University Police Criminal Investigation Division. Due to your conduct violating the criminal statute prohibiting criminal harassment and the criminal statue prohibiting stalking, you are prohibited from entering Harvard University property. You have an active trespass order that prohibits you from entering into or remaining upon any real estate belonging to or occupied by Harvard University. Your complaints against Harvard University graduate students Ms. Hadel Jarada and Mr. Mohamad Jarada are disturbing, disruptive, malicious, and obsessive. Your allegations that Ms. Jarada was antisemitic to you and that Mr. Jarada sexually harassed you are disturbing, disruptive, malicious, and obsessive. You have no right to be at Harvard University and your complaints carry no weight and are not germane. Ms. Jarada expressed to me that you intend to file a complaint in court against her and Mr. Jarada concerning your fraudulent allegations about them. I must warn you that if you do I will seek criminal complaints against you for criminal harassment and criminal stalking.

Ms. Jarada and others convey, and investigation shows, that you have Asperger's Syndrome. This explains your above misconduct, including your causing Ms. Jarada and Mr. Jarada to suffer substantial emotional distress because of your mental illness and your above obsessive fraudulent complaints against them to multiple Harvard University administrative offices. I alerted the Philosophy Department faculty and staff, and Langdell Library and Weidner Library staff, that you are a potential school shooter due to your above conduct and your Asperger's Syndrome. Cease and desist from interacting and communicating without merit with any Harvard University affiliates on and off campus. If your presence is witnessed on campus you will be arrested and prosecuted.

When I spoke with you on the telephone, your unsettling malicious descriptions about Mr. Jarada sexually harassing you and Ms. Jarada being discriminatory against your religion are laughable and without merit. You have no right to make such claims at Harvard University. You have no right to be at Harvard University. Your access cards to Weidner Library and Langdell Library and your Harvard University photo identification have been deactivated.

Respectfully,

Detective James Lawson

Criminal Investigations-Harvard University Police Department

1033 Massachusetts Ave. sixth floor, Cambridge Ma. 02138

Fax: 617-495-7782

Email: james_lawson@hupd.harvard.edu

1 of 1                                                                                  4/3/2025, 10:58 PM

3

**EXHIBIT 2**



4

**EXHIBIT 3**

